IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC A. LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 07-89 |
| | ) |
| BUTLER MEMORIAL HOSPITAL, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Pending before the Court is a Motion to Dismiss Defendant's Counterclaim or, in the alternative, Motion for Judgment on the Pleadings. (Docket No. 23). Defendant has filed a Brief in Opposition thereto. (Docket No. 28). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, said Motion is denied.

In deciding a Motion to Dismiss all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in the light most favorable to the plaintiff. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988), *cert. denied,* 489 U.S. 1065 (1988); *Warth v. Seldin,* 422 U.S. 490, 501-02 (1975). This same standards apply when deciding a motion to dismiss a counterclaim, except

1

it is viewed in light of the defendant. *U.S. ex rel. Kirsch v. Armfield*, 56 F.Supp.2d 588 (W.D.Pa. 1998); *K7 & Associates, Inc. v. Total Basement Solutions, Inc.*, Civil Action No. 4:06-CV-2229, 2007 WL 675302 (M.D. Pa. March 1, 2007).  While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See, Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2 (1977).  I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45 (1957).

Pursuant to Rule 12(c), a judgment on the pleadings will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Jablonski v. Pan American World Airways, Inc.,* 863 F.2d 289, 290-91 (3d Cir. 1988), *quoting Society Hill Civic Association v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1980).  In reviewing the grant of a Rule 12(c) motion, I must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.*  I, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Bayer Chemicals Corp. v. Albermarle Corp.*, No.  2006 WL 707474, *3 (3d Cir. 2006), *quoting Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999).

In this case, Defendant filed a Counterclaim for Declaratory Judgment - Breach of Settlement Agreement arising out of the settlement of a gender discrimination case filed by Plaintiff in 2002.  (Docket No. 22, CC ¶¶ 1-24).  Plaintiff asserts that

Defendant's Counterclaim for Declaratory Judgment - Breach of Settlement Agreement should be dismissed because the "Settlement Agreement and Release (Agreement) entered [into] by the parties in February 2003" relates to a prior lawsuit and does not apply to actions arising after that date. (Docket No. 23, ¶2-4). Plaintiff further asserts that the Amended Complaint "asserts claims and seeks damages based solely on Plaintiff's termination in February 2006." *Id.* at ¶5. According to Plaintiff, the only reason the prior action is mentioned in the Amended Complaint is because it is the basis for the "protected activity that is necessary to maintain the retaliation claims set forth in Counts II and IV. The Amended Complaint does not, and could not, set forth any cause of action based on the 2001 discipline and does not make any claim for damages based on the 2001 discipline." *Id.* at ¶6.

In response, Defendant asserts that the Amended Complaint can be read to assert a cause of action based on the same facts as the prior lawsuit and not just Plaintiff's termination in February 2006. (Docket No. 28, p. 1). In addition, Defendant asserts that the Amended Complaint also breaches confidentiality provisions of the Settlement Agreement. *Id.* After a review of the Amended Complaint, I agree with Defendant that it could be read as though Plaintiff is asserting a cause of action based both on the conduct from the prior lawsuit and the 2006 termination. *See,* Docket No. 20, ¶¶12-19, 58-69. Furthermore, it cannot be said that there is no set of facts upon which the Amended Complaint does not breach the confidentiality provisions of the Settlement Agreement. *Compare,* Docket No. 20, Amended Complaint, ¶¶ 18, 19, 43, 44, 68, 69, 93, and 94; *with,* Docket No. 22, Counterclaim,

3

¶¶12-17.  Consequently, the Motion to Dismiss is denied.

As noted above, however, Plaintiff asserts that he is not proceeding with a cause of action for sex discrimination arising out of the 2001 suspension: "The Amended Complaint does not, and could not, set forth any cause of action based on the 2001 discipline and does not make any claim for damages based on the 2001 discipline." (Docket No. 24, p. 3).  Based on this concession by Plaintiff, the only remaining portion of Defendant's Counterclaim, therefore, is the breach of the confidentiality provision of the Settlement Agreement.

THEREFORE, this **17th** day of July, 2007, after consideration of Plaintiff's Motion to Dismiss Defendant's Counterclaim or, in the Alternative, Motion for Judgment on the Pleadings (Docket No. 23) and the related submissions, it is Ordered that said Motion (Docket No. 23) is denied.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge